IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 4:17-CV-00200 |
| Plaintiff, | : | (Judge Brann) |
| v. | : | |
| HEATHER KLINE f/k/a HEATHER L. ECK, | : | |
| Defendant. | : | |

**MEMORANDUM and ORDER**

MAY 15, 2017

Before the Court for disposition is Plaintiff The United States of America's Motion for Service by Posting Property and Certified Mail. For the following reasons, this Motion will be denied.

### I.  BACKGROUND

On February 2, 2017, Plaintiff The United States of America ("Plaintiff") filed a Complaint against Defendant Heather Kline ("Defendant") seeking foreclosure on a mortgage given to Defendant.[1] Plaintiff's attempts to personally serve this Complaint have been unsuccessful, and on April 28, 2017, it filed the instant Motion for Service by Posting Property and Certified Mail.[2] In support

---

[1] ECF No. 1.
[2] ECF No. 4.

1

thereof, Plaintiff has attached (1) an Affidavit detailing its good faith efforts to serve Defendant,[3] (2) an Affidavit of Non-Service dated March 10, 2017,[4] (3) an Affidavit of Good Faith Investigation,[5] (4) an Affidavit of Non-Service dated April 10, 2017, and (5) a second Affidavit of Non-Service dated April 10, 2017.[6] Plaintiff specifically seeks alternate service of the Complaint in the form of posting a copy on the property to be foreclosed and mailing a copy of same by both certified and regular mail to Defendant's last known address.[7]

## II. ANALYSIS

Federal Rule of Civil Procedure 4(e)(1) provides that a party may serve an individual defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."[8] Here, Plaintiff argues that personal service cannot be effectuated, and a court order should be entered authorizing alternate service under Pennsylvania Rules of Civil Procedure 430(a) and 410(c)(2). Rule 430(a) provides as follows:

> If service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service. The motion

---

[3] ECF No. 4-2.
[4] ECF No. 4-3.
[5] *Id.*
[6] *Id.*
[7] ECF No. 4, at 2.
[8] Fed. R. Civ. P. 4(e)(1).

shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made.[9]

Courts granting such alternate service have cautioned, however, that such service is "an extraordinary measure that is appropriate only after all other methods of service available under the rules have been exhausted."[10]

Under Pennsylvania law, a plaintiff must therefore meet three conditions to prior to the court granting leave for alternate service.[11] These conditions are as follows:

> (1) the plaintiff made a good faith effort to locate the defendant, (2) the plaintiff undertook practical efforts to effectuate service through traditional means, and (3) the alternate form of service is reasonably calculated to provide the defendant with notice of the proceedings against him.[12]

Concerning the first condition set forth above, an explanatory Note to Rule 430(a) provides the list of illustrative examples to be used by a plaintiff when engaging in a good faith effort to locate a defendant:

> (1) inquiries of postal authorities including inquiries pursuant to the Freedom of Information Act, 39 C.F.R. Part 265, (2) inquiries of relatives, neighbors, friends, and employers of the defendant, (3) examinations of local telephone directories, courthouse records, voter registration records, local

---

[9] Pa. R. Civ. P. 430(a).

[10] *Countrywide Home Loans, Inc. v. Stringer*, Civil Action No. 07-CV-2072, 2008 WL 3853239, at *2 (M.D.Pa. Aug. 15, 2008)(Vanaskie, J.).

[11] *FMM Bushnell, LLC v. Gilbert Commons, Inc.*, Civil Action No. 14-CV- 1718, 2015 WL 737577, at *3 (M.D.Pa. Feb. 20, 2015)(Nealon, J.).

[12] *Id.*

3

tax records, and motor vehicle records, and (4) a reasonable internet search.[13]

In the instant matter, the Court finds that, while Plaintiff has indeed engaged in many of the above examples, Plaintiff still has "several stones left unturned" in its good faith efforts to locate Defendant.[14] While the attached Affidavit of Good Faith Investigation indicates that it has (1) made inquiry of postal authorities, (2) examined local telephone directories, courthouse records, voter registration records, local tax records, and motor vehicle records, and (3) conducted a reasonable internet search,[15] I find that Plaintiff has not properly exhausted inquiry of Defendant's relatives, neighbors, and friends, nor has it exhausted the possibility that personal service may be effectuated at the alternate address in Millmont, Pennsylvania.

First, although Plaintiff avers that it has called possible neighbors to no avail, the attached Affidavit of Good Faith Investigation fails to relate these neighbors to one of the three properties which Plaintiff potentially inhabits.[16] Second, in the attached Affidavit of Non-Service concerning the Millmont, Pennsylvania address, the process server notes that a card left on the property door

---

[13] *Id.* (citing Pa. R. Civ. P. 430(a), Note).

[14] *Countrywide Home Loans, Inc.*, 2008 WL 3853239, at *3 n. 9.

[15] *See* ECF No. 4-3, at 2–3.

[16] *See id.*

was removed with no response.[17] Unlike with the two Rederburg, Pennsylvania addresses where the property was vacant or confirmed to be inhabited by someone other than Defendant, this removal confirms inhabitance. Further investigation is therefore needed to identify the resident of this dwelling. Plaintiff's failure to identify or consult with neighbors at this particular property is therefore doubly troubling.[18]

While I am cognizant that Plaintiff has exhausted many of the examples provided within Rule 430(a), I find that it ultimately failed to meet its burden of establishing a good faith effort to locate Defendant.[19] This finding is based on the recognition that "service of process is not a mere technicality," but rather as a requirement of constitutional due process necessary to "apprise interested parties of the pendency of the action and afford them an opportunity to present their

---

[17] *Id.* at 4.

[18] *United States v. Linares*, Civil Action No. 16-CV-4463, 2016 WL 7014192, at *2 (E.D.Pa. Nov. 30, 2016)(finding searches did not constitute a good faith effort where defendant's last known address was not confirmed).

[19] Furthermore, while this analysis dictates that I need not reach the second and third prongs of this conjunctive analysis, I note, for purposes of future filings, that Plaintiff's motion also fails to establish that plaintiff undertook practical efforts to effectuate service and that the alternate form of service is reasonably calculated to provide the defendant with notice of the proceedings against him. First, Plaintiff has not complied with Pennsylvania Rule of Civil Procedure 400(a)'s mandate that service at least be attempted by sheriff. *See*, *e.g.*, *Black v. Dublin EMS, LLC*, Civil Action No. 16-CV-1340, 2017 WL 1150661, at *4 (M.D.Pa. Mar. 28, 2017)(Caldwell, J.). Second, given that Plaintiff's prior efforts to effectuate service have revealed that the subject property has been abandoned, posting and mailing service to that property is not reasonably calculated to provide the defendant with notice of the proceedings. *See*, *e.g.*, *Banks v. Alvarez*, Civil Action No. 08-CV-2030, 2008 WL 2579704, at *2 (E.D.Pa. June 30, 2008).

objections."[20] Plaintiff is therefore directed to redouble its good faith attempts at locating and serving Defendant in accordance with the above outlined deficiencies, and is granted leave to refile the instant Motion pending the outcome of these efforts.

**AND NOW**, in accordance with the above reasoning, **IT IS HEREBY ORDERED** that Plaintiff The United States of America's Motion for Service by Posting Property and Certified Mail (ECF No. 4) is **DENIED** without prejudice to Plaintiff refiling this Motion within forty-five (45) days.

The Clerk of Court is directed to docket this Order as a "written opinion," pursuant to the E-Government Act of 2002.

BY THE COURT:

   s/ Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[20] *Calabro v. Leiner*, 464 F.Supp.2d 470, 471 (E.D.Pa. 2006)(quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).